Gregory M. Fox, State Bar No. 070876
Christine Lee, State Bar No. 231617
BERTRAND, FOX & ELLIOT
The Waterfront Building - 2749 Hyde Street
San Francisco, California   94109
Telephone:     (415) 353-0999
Facsimile:     (415) 353-0990

Carol A. Korade – State Bar No. 082133
Office of the City Attorney
2263 Santa Clara Avenue, Room 280
Alameda, California 94501-4477
Telephone:     (510) 747-4750
Facsimile:     (510) 747-4767

Attorneys for Defendants CITY OF ALAMEDA and
ALAMEDA OFFICERS RONALD JONES, JON WESTMORELAND
AND ANTHONY MUNOZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAO-QI GONG and JEFFREY PETERS,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>CITY OF ALAMEDA, RONALD JONES, JON WESTMORELAND AND ANTHONY MUNOZ, et al.,<br><br>　　　　　Defendants. | Case No.  C-03-5495 TEH<br><br>**STIPULATION RE PROTECTIVE ORDER FOR PROTECTED SUBPOENAED MATERIAL AND ORDER THEREON** |

THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, DO HEREBY STIPULATE AND AGREE THAT:

Pursuant to Fed. R. Civ. P. 26(c), Local Rule 79-5, and in the interest of allowing discovery to proceed while ensuring that Protected Subpoenaed Materials are not improperly disclosed, the undersigned hereby stipulate, subject to approval and entry by the Court, to the

following Protective Order concerning specific records subpoenaed by defendant City of Oakland, as identified below:

    1.    This Protective Order applies to the following records subpoenaed by defendant City of Oakland ("Protected Subpoenaed Material"):

        a.    Employment records from Nortel Networks for plaintiff Jeffrey Peters (aka Jonathen Matrix Peters);

        b.    Employment records from Hewlett Packard for plaintiff Jeffrey Peters (aka Jonathen Matrix Peters);

        c.    Santa Clara Police Department records for plaintiffs Hao-Qi Gong, (aka Kim Gong, Kay Gong) and Jeffrey Peters (aka Jonathen Matrix Peters);

        d.    Santa Clara County Sheriff's Department records for plaintiffs Hao-Qi Gong (aka Kim Gong, Kay Gong) and Jeffrey Peters (aka Jonathen Matrix Peters);

        e.    Tacoma Police Department records for plaintiffs Hao-Qi Gong (aka Kim Gong, Kay Gong) and Jeffrey Peters (aka Jonathen Matrix Peters);

        f.    Pierce County Sheriff's Department records for plaintiffs Hao-Qi Gong (aka Kim Gong, Kay Gong) and Jeffrey Peters (aka Jonathen Matrix Peters);

        g.    Santa Clara County Family & Children's Services records for plaintiffs Hao-Qi Gong (aka Kim Gong, Kay Gong) and Jeffrey Peters (Jonathen Matrix Peters).

    2.    Nothing in this Protective Order shall prejudice any Party or Third Non-Party from seeking amendments hereto or to seek other modifications.  The Court retains jurisdiction

for six (6) months after the termination of this action to enforce this order and, upon motion of any party hereto, to make amendments, modifications, deletions or additions to this order as the court may deem appropriate.

    3.    Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties it will be treated as though it had been entered.

## Permissible Use of Subpoenaed Material

    4.    The Protected Subpoenaed Material shall not be used for any purpose other than this Action.

    5.    The Protected Subpoenaed Material shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this action. All such copies or reproductions shall be subject to the terms of this Protective Order and shall be returned to Plaintiffs' counsel, upon request, upon the final conclusion of the Action.

    6.    The Protected Subpoenaed Material, or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated in any way only to the parties, including an officer, director, manager, supervisor, or in-house counsel of a party; counsel for the parties, including certified law students, or an employee or contractor of such counsel to whom it is necessary that the material be shown for purposes of this litigation; other employees of a party for the sole purpose of working directly on the litigation; and third party consultants and independent experts to whom it is necessary that the material be shown for purposes of this litigation.

    7.    If an attorney for any party in this litigation desires to give, show, make available or communicate any Protected Subpoenaed Material to any person who is not specifically authorized to have access to such document pursuant to paragraph 6, the requesting attorney will

disclose to the attorney for the party who produced the document the name of the person to whom disclosure of the document is sought. The attorneys will then have ten (10) days to negotiate the terms of disclosure to that person and, if no agreement can be reached, the requesting attorney may seek leave of court on notice to make the disclosure in question.

9. Each person other than employees or contractors permitted by the parties or their counsel to have access to Protected Subpoenaed Material pursuant to the terms of this stipulation and order shall, prior to being afforded such access, be shown the stipulation and protective order and shall sign an agreement stating that he or she has read and understands its terms and shall abide by them by signing a form containing the following statement:

"I hereby acknowledge that I am about to receive Protected Subpoenaed Material. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Protective Order [date entered] in Gong v. City of Alameda, et al. I have been given a copy of and have read this Order and agree to be bound by its terms."

A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom such documents have been given, which file shall be available for inspection in camera by the Court upon a showing of good cause pursuant to a noticed motion.

10. The parties agree that the parties will follow Local Rule 79-5 with respect to the use of any documents covered by this stipulation.

11. The attorneys of record for the parties are in accord with the above terms of this stipulation and protective order as acknowledge hereafter by their signatures, and have requested the Court to enter this stipulation and protective order.

12. Upon termination of this litigation, the originals and all copies of Protected Subpoenaed Material shall be turned over to plaintiffs' counsel.

13. The termination of proceedings in this action shall not thereafter relieve the parties from the obligations of maintaining the confidentiality of all material designated as confidential which is received pursuant to this stipulation and order; provided, however, that this paragraph shall not apply to any material which is or becomes publicly available.

**Termination of Protective Order**

14. The protection of Protected Subpoenaed Material produced pursuant to, and in conformity with this Protective Order, shall remain in effect until the Court has issued a superseding Protective Order in this Action.

IT IS SO STIPULATED:

Dated: June 28, 2006                               /s/
                                          DAVID J. BEAUVAIS
                                          Attorney for Plaintiff

Dated: June 30, 2006                               /s/
                                          GREGORY M. FOX
                                          Attorney for Defendants

PURSUANT TO STIPULATION,
IT IS SO ORDERED:

Dated: __07/05__, 2006                    _____
                                          THELTON E. HENDERSON
                                          Judge, United States District Court