SEYFARTH SHAW LLP
Robert B. Milligan (State Bar No. 217348)
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Subpoenaed Non-Party
INTEL CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAO-QI GONG, et al., | Case No.: C 03-05495 |
| Plaintiff, and | STIPULATED PROTECTIVE ORDER REGARDING INTEL CORPORATION'S PROPRIETARY INFORMATION |
| CITY OF ALAMEDA, et al., | |
| Defendant. | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Hao-Qi Gong, Defendant City of Alameda and non-party Intel Corporation ("Intel"), by and through their respective counsel, hereby stipulate to the following Stipulated Protective Order for the protection of confidential information, documents and things produced or provided in this action by non-party Intel.

**STIPULATED PROTECTIVE ORDER**

1. **DESIGNATED MATERIAL.**

Information, documents or other material may be designated by Intel pursuant to this Stipulated Protective Order if: (a) produced or served, formally or informally, pursuant to any applicable rules of Civil Procedure, Local Rules of this Court or in response to any other formal or informal discovery request or order in this action; and/or (b) filed or lodged with the Court. All such information, documents or material and all information, documents or material derived therefrom shall be considered "Designated Material" under this Stipulated Protective Order.

1

1  Designated Material shall be used solely for purposes of the prosecution and defense of the
2  above-captioned litigation and shall not be used or disclosed by any party except as expressly
3  provided under the terms of this Stipulated Protective Order.
4     2.    **ACCESS.**
5        a.    **Materials Designated "CONFIDENTIAL."** Subject to the limitations set
6  forth in this Stipulated Protective Order, Designated Material may be marked
7  "CONFIDENTIAL" for the purposes of (i) avoiding invasions of individual privacy and (ii)
8  protecting non-public proprietary information and confidential business, technical, personnel
9  and/or financial information relating to Intel's business affairs. Subject to Section 3 below,
10  materials designated "CONFIDENTIAL" may be disclosed to:
11           (i)    Persons who appear on the face of the Designated Material marked
12  "CONFIDENTIAL" as an author, addressee or recipient thereof;
13           (ii)   Named parties to this litigation;
14           (iii)  Outside counsel of record for the parties to this action, including
15  their staff as necessary to render professional services in this action;
16           (iv)   In-house legal personnel for the parties to this action; and
17           (v)    Non-party consultants and experts retained by outside counsel.
18     3.    **DESIGNATING MATERIAL.**
19        a.    Information, documents or materials, in whole or in part, may be
20  designated by Intel as "CONFIDENTIAL" by placing the legend "CONFIDENTIAL" on each
21  page of the materials prior to production.
22        b.    If Intel inadvertently produces any Designated Material without marking it
23  with the appropriate legend, Intel may give written notice to the receiving party or parties,
24  including appropriately stamped copies of the Designated Material, that the material is deemed
25  Designated Material and should be treated in accordance with the provisions of this Protective
26  Order. Upon receiving such notice, each receiving party shall return the originally-produced
27  materials to Intel's counsel. A receiving party's disclosure, prior to the receipt of such notice, to
28

1  persons not authorized to receive the materials shall not be deemed a violation of this Protective
2  Order. However, the receiving party shall make a good faith effort to immediately retrieve such
3  information from persons not authorized to receive it and to obtain agreement from the person to
4  whom the disclosure was made to be bound by this Stipulated Protective Order.

   4. **COURT PROCEDURES.**

   a. <u>Disclosure of Designated Material to the Court.</u> The parties agree that persons employed by the Court have no duty to protect or maintain the confidentiality of any information in any papers filed with the Court.

   b. <u>Filing Designated Material with the Court.</u> In applications and motions to the Court, all "CONFIDENTIAL" Designated Material shall be filed with the Court in sealed envelopes or other appropriate sealed containers which shall indicate the nature of the contents of the sealed envelope or other container and a statement substantially in the following form:

   > **THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A STIPULATED PROTECTIVE ORDER ENTERED IN THIS ACTION, IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

   In the event that the applicable rules of civil procedure or local rules prevent a party from filing documents under seal as set forth above, the filing party shall meet and confer with Intel's counsel prior to filing the document concerning appropriate methods for protecting the material.

   c. <u>Meet and Confer Obligation.</u> Prior to any trial, the parties shall meet and confer with Intel within ten (10) calendar days before trial concerning appropriate methods for dealing with Designated Material at trial.

   5. **SURVIVAL AND RETURN OF DESIGNATED MATERIAL.** The obligations created by this Stipulated Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court, which shall retain jurisdiction to enforce this Protective Order and to make such amendments to this Order as may be appropriate. Within sixty (60) days after final termination of this action, each party shall assemble all Designated Material received, and all copies, summaries and abstracts thereof, and shall return the same to

counsel for Intel, Robert B. Milligan, Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350, Sacramento, California 95814. In the alternative, each receiving party may destroy the Designated Material and serve a signed certificate of destruction on Intel's counsel within sixty (60) days of termination of the action. Each party's attorneys of record shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Designated Material, provided that they are maintained as "Confidential" consistent with this Protective Order.

6. **ORDER BINDING UPON STIPULATION**. The terms of this Order shall be binding on all parties from the time that all parties' counsel have signed the Stipulation, even if the Court has not yet signed the Order.

DATED: October 3, ~~2005~~ 2006

By _Christine Lee_
~~Christina Lee~~ Christine Lee
Counsel for Defendant
LAW OFFICE OF DAVID BEAUVAIS

DATED: _____, 2005

By _____
David Beauvais
Counsel for Plaintiff.
SEYFARTH SHAW LLP

DATED: February 24, 2005

By _____ for
Robert B. Milligan
Attorneys for non-party
INTEL CORPORATION

IT IS SO ORDERED.

DATED: _____

_____
JUDGE OF THE DISTRICT COURT

4
STIPULATED PROTECTIVE ORDER REGARDING
INTEL CORPORATION'S PROPRIETARY INFORMATION

SCI 17069194.1

counsel for Intel, Robert B. Milligan, Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350, Sacramento, California 95814. In the alternative, each receiving party may destroy the Designated Material and serve a signed certificate of destruction on Intel's counsel within sixty (60) days of termination of the action. Each party's attorneys of record shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Designated Material, provided that they are maintained as "Confidential" consistent with this Protective Order.

6. **ORDER BINDING UPON STIPULATION.** The terms of this Order shall be binding on all parties from the time that all parties' counsel have signed the Stipulation, even if the Court has not yet signed the Order.

DATED: _____, 2005

By _____
Christina Lee
Counsel for Defendant
LAW OFFICE OF DAVID BEAUVAIS

DATED: Oct 4, 2006

By _____
David Beauvais
Counsel for Plaintiff
SEYFARTH SHAW LLP

DATED: _____, 2005

_____
Robert B. Milligan
Attorneys for non-party
INTEL CORPORATION

IT IS SO ORDERED.

DATED: 11/13/06

_____
Judge Thelton E. Henderson

STIPULATED PROTECTIVE ORDER REGARDING INTEL CORPORATION'S PROPRIETARY INFORMATION

SC1 17069194.1