IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAO-QI GONG, and JEFFERY PETERS,

    Plaintiffs,

    v.

CITY OF ALAMEDA, et. al.,

    Defendants.

**NO. C 03-5495 TEH**

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

This matter was submitted to the Court without oral argument. Having carefully considered the parties' written arguments and the record herein, Plaintiffs' motion for leave to file a motion for reconsideration is hereby GRANTED for the reasons stated below.

## II. BACKGROUND

This case stems from the arrest of Plaintiffs Hao-Qi Gong ("Gong") and Jefferey Peters ("Peters") following a welfare check on Plaintiffs' son, Kyle, by the City of Alameda Police Department on February 4, 2003. A full recitation of the facts is contained in the Order for summary judgment. A brief synopsis of the facts relevant to this motion follows:

On February 4, 2003, City of Alameda Police Officers Ottaviano and Jones attempted to conduct a child welfare check on Kyle Jones. When they arrived at Plaintiffs' apartment, they received no response to their repeated knocks on the front door. However, they observed a shadowy figure through the peep hole, and subsequently entered the apartment due to concerns for the safety of Plaintiffs' son. After the ensuing interactions with Plaintiff Jones, and a brief encounter with Plaintiff Gong, the officers arrested Plaintiffs for obstructing a welfare check in violation of California Penal Code § 148.

Defendant Westmoreland subsequently interviewed Plaintiffs' son Kyle regarding the assertions by his grandmother that he had been digitally anally penetrated by his mother, Plaintiff Gong. Based on his observations during that interview, Defendant Westmoreland filed charges against Plaintiff Gong for violation of California Penal Code §§ 288(a) and 289(d)(4) for lewd acts with children and penetration by a foreign object, respectively [hereinafter "sex charges"]. In order to convict a defendant under these sections, it is necessary to prove a specific criminal intent of an "intent to arouse." When he was later deposed, Defendant Westmoreland stated that he did not, at the time of the arrest, have evidence of Defendant Gong's specific intent to arouse.

Plaintiffs filed the complaint in this action on December 5, 2003 pursuant to 42 U.S.C. § 1983, alleging that Defendants violated their liberty and property interests under color of state law. On November 17, 2006, Defendants moved for a summary judgement, which the Court granted in part and denied in part. Relevant to this motion, the Court granted summary judgment in favor of Defendants with respect to Plaintiff Gong's § 1983 claim based on her arrest for the sex charges. On February 20, 2007, Plaintiffs filed a motion for leave to file a motion for reconsideration of that portion of the Court's ruling which granted a summary judgment in favor of Defendants on Plaintiffs' claim that the sex charges against Plaintiff Gong violated her rights under § 1983.

**III. DISCUSSION**

**A. The Court's Authority to Reconsider Interlocutory Rulings.**

Under Civil Local Rule 7-9, the party making an application for leave to file a motion for reconsideration must specifically show one of three prerequisites. Plaintiffs do not establish any of the prerequisites for reconsideration under this rule. Plaintiffs rely on two cases that easily could have been presented to the Court had they exercised reasonable diligence in opposing Defendants' motion for summary judgment. Additionally, Plaintiffs do not argue that new facts or a change of law have emerged since the interlocutory judgment. Finally, Plaintiffs have not demonstrated that the Court manifestly failed to consider material

2

facts or dispositive law that were presented to the Court.  Therefore, Plaintiffs failed to satisfy the requirements of Local Rule 7-9.  Although Plaintiff's motion is technically defective, the Court nonetheless has the inherent authority to revisit and modify any interlocutory orders at any time prior to final judgement. *See, e.g.*, *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *John Simmons Co. v. Grier Bros*, 258 U.S. 82, 88 (1922); Fed. R. Civ. P. 54(b).  "A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of intervening law." *Abada v. Charles Schwab, Inc.*, 127 F. Supp. 2d 1001, 1002 (S.D. Cal. 2000).  The Court concludes that, in this instance, its interest in deciding issues on the merits warrants allowing the motion for reconsideration to proceed under its inherent authority.[1]

### B. The Motion for Leave to File a Motion for Reconsideration is Granted to Address the Issues of Probable Cause and Qualified Immunity.

The Court finds that the motion for leave to file a motion for reconsideration is warranted to address two issues.  The first is whether summary judgment was properly granted on the ground that Defendant Westmoreland had probable cause with respect to the specific intent element of the sex charges.  Although Plaintiffs failed to bring the relevant cases to the Court's attention at the summary judgment proceedings, they have since provided two cases which the Court finds establish the basis for leave to file a motion for reconsideration.  In these cases, the Ninth Circuit held that "[w]hen specific intent is a required element of the offense, the arresting officer must have probable cause for that element in order to reasonably believe that a crime has occurred." *Kennedy v. Los Angeles Police Dep't*, 901 F.2d 702, 705 (9th Cir. 1990); *Allen v. City of Portland*, 73 F.3d 232, 237

---

[1] In granting this motion, the Court rejects Plaintiffs' argument that the § 1983 claim based on the arrest for the sex charges was decided *sua sponte*. The issue of the sex charges was raised in the motion for summary judgment, then in Plaintiffs' opposition, as well as in the reply and at oral argument. Each party had ample notice and opportunity to brief and litigate the issue, and the Court considered the merits of the cause of action. As such, the Court acted within its authority in granting a summary judgment. *See Crawford v. Gould*, 56 F.3d 1162, 1169 (9th Cir. 1995); *Apache Survival Coalition v. United States*, 21 F.3d 895, 910 (9th Cir. 1994).

(9th Cir. 1995). *See also United States v. Lopez*, ___ F.3d ___, No. 05-30347, 2007 WL 800652, at *3 (9th Cir. Mar. 12, 2007) ("When specific intent is a required element of an offense, the arresting officer must have probable cause for that element in order to reasonably believe that a crime has occurred."). In deciding whether probable cause was established at the time of the arrest, "[t]he relevant inquiry is whether the police had information that would reasonably lead to the conclusion, by fair probability," that an individual had the requisite specific intent. *Lopez*, No. 05-30347, 2007 WL 800652, at *7 (9th Cir. Mar. 12, 2007).

### i. Probable Cause With Respect to the Specific Intent Element for the Sex Charges.

Plaintiffs argue that the Court improperly granted a summary judgment by deciding material questions of fact regarding the existence of probable cause with respect to the specific intent elements of the sex charges. In order to convict a defendant under California Penal Code §§ 288 and 289(d)(4), the government would have to prove that the defendant acted with "the intent of arousing, appealing to, or gratifying . . . the sexual desires of that person or the child," and "the purpose of sexual arousal, gratification or abuse by a foreign object," respectively. Cal. Penal Code §§ 288(a), 289(k)(1). Plaintiffs argue that Defendant Westmoreland could not have had probable cause to arrest Plaintiff Gong on the sex charges because he knew of no facts or evidence that would support the mental culpability elements at the time of the arrest.

In ascertaining probable cause, a reasonable police officer must evaluate the totality of the circumstances. An arrest is justified where, "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the individual] had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)). Here, the circumstances known to Defendant Westmoreland include (1) Plaintiff Gong's assertion that she was helping her son go to the bathroom, (2) Kyle's verbal confirmation of that explanation, (3) Kyle's non-verbal reaction to interview questions, (4) Plaintiff Gong's admission that she had digitally anally penetrated her son, and (5) the circumstances surrounding the child welfare check. Additionally,

4

Defendant Westmoreland acknowledged that he had no evidence of the requisite criminal intent, but that he hoped that such evidence would be developed in subsequent interviews with Kyle conducted by CALICO, a child forensic interview center.  In light of the additional authority cited by Plaintiffs, the Court concludes that Plaintiffs should be permitted to file a motion for reconsideration as to whether these circumstances are sufficient to establish probable cause at the time of the arrest.

### ii. Qualified Immunity.

In the event that the Court finds that summary judgment was improperly granted on the probable cause grounds, the Court further finds that a motion for reconsideration is appropriate to determine whether Defendant Westmoreland would still be entitled to qualified immunity.  Qualified immunity protects government officials from civil liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "If an official could reasonably have believed her actions were legal in light of clearly established law and the information she possessed at the time, she is protected by qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).  With respect to wrongful arrest claims, "[e]ven law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

If, upon reconsideration, the Court concludes that probable cause was not established with respect to the specific intent element of the sex charges, it must then determine whether Defendant Westmoreland's mistake as to probable cause was reasonable.  If the mistake was objectively reasonable, the Court's prior summary judgment ruling was proper.  Conversely, if Defendant Westmoreland's mistake was objectively unreasonable, then he is not entitled to the defense of qualified immunity.  Again, in light of the authority city by Plaintiffs, the Court concludes that Plaintiffs should be given an opportunity to present their motion for reconsideration on this issue.

5

## IV. CONCLUSION

Plaintiffs' motion for leave to file a motion for reconsideration is GRANTED for the reasons stated in this order. Specifically, the parties shall address whether summary judgment was proper on the issue of whether probable cause existed with respect to the specific intent elements of the sex charges. Additionally, the parties shall address whether, if probable cause did not exist, Defendant Westmoreland's mistake as to the existence of probable cause was objectively reasonable.

**IT IS SO ORDERED.**

Dated: 4/23/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT