| | |
|---|---|
| | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF CALIFORNIA |

HAO-QI GONG, and JEFFERY PETERS,  No. C 03-05495 TEH

    Plaintiffs,

  v.  **ORDER GRANTING MOTION TO WITHDRAW AND SETTING FURTHER CASE MANAGEMENT CONFERENCE**

CITY OF ALAMEDA, et al.,

    Defendants.

---

This matter came before the Court on January 7, 2008, on the motion of Plaintiffs' counsel, David Beauvais, to withdraw as counsel for Plaintiffs. After reviewing the papers and oral presentations of counsel and Ms. Gong, and after consulting with Magistrate Judge LaPorte, the Court hereby GRANTS the motion.

Mr. Beauvais either has met or will be able to meet the general prerequisites for withdrawal set out in the California Rules of Professional Conduct ("Rules") and the Local Rules of this Court.[1] Although the Court "has discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding," *Mandell v. Superior Court,* 67 Cal.App.3d 1, 4 (1977), but there is no showing that an injustice will be caused by Mr. Beauvais's withdrawal at this

---

[1] Rule 3-700 of the California Rules of Professional Conduct requires any member seeking to withdraw from representation to "take reasonable steps to avoid reasonably foreseeable prejudice to the right of the client, including giving notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(d), and complying with applicable laws and rules." Rule 3-700(D), in turn, requires counsel to release all client property to the client, including files, pleadings, exhibits, transcripts, and other materials. The Civil Local Rules require counsel to be relieved by order of Court after written notice has been given to the client and all parties. Local Rule 11-5.

1 juncture in the litigation. Mr. Beauvais has diligently and ably represented Plaintiffs
2 through discovery and defendant's motion for summary judgment. No trial date set. It
3 appears that Plaintiffs themselves have been responsible for multiple delays and failures
4 to appear in this action.

5 Mr. Beauvais gave Plaintiffs ample written notice of his intent to withdraw by
6 serving his motion papers on them on or before November 13, 2007 (although in the
7 nearly two months since that date, Plaintiffs have apparently made no effort to find
8 substitute counsel). Moreover, Mr. Beauvais has represented that he will cooperate with
9 the Plaintiffs in turning over the case to successor counsel.

10 Rule 3-700(C)(1)(d), which allows a member to withdraw from representation in
11 any matter in which the client has made it "unreasonably difficult for the member to
12 carry out the employment effectively." *See also* Model Rule of Professional Conduct
13 1.16(b)(6)(permissive withdrawal where "the representation will result in an
14 unreasonable financial burden on the lawyer or has been rendered unreasonably difficult
15 by the client").[2]

16 Although a simple refusal to settle does not constitute cause for withdrawal,
17 *Estate of Falco*, 188 Cal.App.3d 1004, 1018 (1987), a personality clash that leads to a
18 breakdown in the attorney-client relationship is sufficient ground for allowing the
19 attorney to withdraw. *Id. at* 1014-1015; *see also Forrest v. State Of California Dept. Of*
20 *Corporations,* 150 Cal.App.4th 183, 194 (2007)(withdrawal properly allowed where
21 attorney declares, *inter alia*, that client refuses to follow his advice and continuing would
22 pose an extreme financial hardship on him). Here, Mr. Beauvais has adequately shown a
23 breakdown in the attorney-client relationship. He described a pattern of failure to
24 communicate with him that culminated in Plaintiffs' one hour tardiness and refusal to
25 participate in good faith in a settlement conference before Magistrate Judge Laporte.[3]

26

27  [2] The Model Rules also allow an attorney to withdraw any time there is no "material adverse effect" on the client.
28

 [3] This was confirmed by Judge LaPorte.

Plaintiff Gong's description of her interactions with counsel illustrates this breakdown. While Mr. Beauvais declared that he had served his motion papers on the Plaintiffs at their residence on or before November 13, 2007, Plaintiff stated at the hearing that she heard of his motion to withdraw for the first time on January 5, 2008, when this Court's order to appear was served on Plaintiffs at their residence. (On the other hand, Plaintiff also claimed that she was unable to look for substitute counsel because of the holidays). Contradicting her counsel, Plaintiff not only denied that she had been tardy to more than one settlement conference, but accused Mr. Beauvais of being late to a conference before Magistrate Judge LaPorte – an allegation which Magistrate Judge LaPorte did not confirm. The trust and cooperation necessary for an attorney-client relationship has obviously broken down, making it unreasonably difficult for Mr. Beauvais to continue representing Plaintiffs.

Accordingly, Mr. Beauvais's Motion to Withdraw is hereby GRANTED. Mr. Beauvais shall promptly serve a copy of this Order on Plaintiffs.

A further Case Management Conference is hereby set for February 25, 2007 at 1:30 p.m. If Plaintiffs have not been able to engage new counsel by that time, they are to bring a written list of the names and addresses of attorneys whom they contacted. In addition, if they are unable to secure counsel, they should familiarize themselves with this Court's General Order 45 on Electronic Case Filing, and register for electronic case filing with the Court, at https://ecf.cand.circ9.dcn/cand/index.html, and http://pacer.psc.uscourts.gov, prior to the case management conference.

Failure of the Plaintiffs to comply with this Order, or to appear in a timely fashion at the Case Management Conference, will open Plaintiffs to dismissal of this action for failure to prosecute.

**IT IS SO ORDERED.**

Dated: January 8, 2008

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

3