IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAO-QI GONG, and JEFFERY PETERS, | No. C 03-05495 TEH |
| Plaintiffs, | |
| v. | **ORDER** |
| CITY OF ALAMEDA, et al., | |
| Defendants. | |

This suit was filed in 2003, and trial was initially set for June of 2005. The parties have conducted discovery, the Court granted in part and denied in part Defendants' Motion for Summary Judgment in January, 2007, and the Court denied reconsideration in July, 2007. Plaintiffs' counsel moved to withdraw in November, 2007, and was given leave to do so in January, 2008.

By Order dated January 8, 2008, the Court ordered Plaintiffs to register for electronic filing pursuant to this Court's General Order 45 if they were unable to secure counsel by the next case management conference. As of the next conference, on February 25, 2008, Plaintiffs had neither secured counsel nor registered for electronic filing. Plaintiffs were once again warned in no uncertain terms that they must register for electronic filing.

Plaintiffs have now had ample time to seek new counsel. This Court has inherent authority to manage its docket. The Court therefore hereby ORDERS that the Plaintiffs shall proceed *in propria persona*. Plaintiffs may, of course, continue their search for an attorney, but must be prepared to proceed according to the schedule set out below by

1  representing themselves. They shall read and comply with the Local Rules and General
2  Orders of this Court, which are available on the Court's website,
3  http://www.cand.uscourts.gov. A "Pro Se Handbook" is also available on the Court's
4  website if Plaintiffs seek additional advice on how to represent himself in this case.
5      Plaintiffs are once again ORDERED to register for electronic filing with this
6  Court's ECF system by April 4, 2008. If Plaintiffs fail to do so, they run the risk of
7  being held in contempt and having *daily monetary sanctions imposed* until they comply.
8      The trial of this matter will proceed on the following schedule:
9      **1. TRIAL DATE.** Trial before the COURT/JURY will begin in Courtroom No.
10 12 on _AUGUST 1_, 2008 at _8:30_ AM. If the Court advises all counsel that
11 they must be prepared to go to trial on a trailing basis, then the trial will begin as soon
12 after the scheduled date as possible. The trial shall last for an estimated _3_ trial
13 days. The trial of liability and damages issues SHALL/(SHALL NOT) be separate.
14
15      **2. PRETRIAL CONFERENCE.** The Court will hold a pretrial conference on
16 Monday, _JULY 21, 2008_, at 3:00 PM. **Counsel who intend to try the case**
17 **must attend the pretrial conference.**
18
19      **3. DISCOVERY.**
20      **(a) Expert Discovery Cutoff.** All non-expert discovery in this matter is
21 complete. All depositions of expert witnesses shall be taken on or before 21 calendar
22 days before the scheduled trial date.
23
24      (b) ~~Disclosures Regarding Expert Witnesses.~~ ~~Plaintiffs shall comply with~~
25 ~~Federal Rule of Civil Procedure 26(a)(2)(A) (i.e., disclose the identity of any person who~~
26 ~~may be used at trial to present expert testimony) no later than ____ calendar days before~~
27 ~~the pretrial conference. Defendants shall disclose the identity of their expert witnesses~~
28

1  no later than _____ calendar days before the pretrial conference. Failure to comply with
2  these deadlines will prevent a witness from testifying as an expert.
3  The parties shall comply with all of the disclosures required by Federal Rule of
4  Civil Procedure 26(a)(2)(B) (regarding expert reports, qualifications, compensation, etc.)
5  no later than 10 calendar days before the pretrial conference.

[Entire above block struck through by hand]

### 4. PRETRIAL CONFERENCE STATEMENT.

(a) **Required Meeting and Disclosure Prior to Pretrial Conference.** Lead counsel who will try the case shall meet and confer on or before _JUNE 20 2008_ (at least 30 calendar days before the pretrial conference). At that time, they shall discuss:

(1) Prospects for settling the action;

(2) The preparation and content of the joint pretrial conference statement;

(3) The preparation and exchange of pretrial materials to be served and lodged with the Court; and

(4) Resolution of any differences between the parties regarding items (2) and (3) above. To the extent such differences are not resolved, the parties must present the issues in the joint pretrial conference statement so that the Judge may rule on the disputes at the pretrial conference.

Within one week after meeting and conferring, the parties shall file a joint statement, signed by all counsel, stating that they have met and conferred on the above issues.

(b) **Joint Pretrial Conference Statement.** The parties shall file a joint pretrial conference statement no later than 10 calendar days before the pretrial conference. If the parties disagree over the wording of the statement, each party may state its position in its own words. All parties or their counsel must sign the statement, which the Court

anticipates will be confirmed as the Pretrial Order. The statement shall contain the following information:

    **(1) The Action.**

        **(A) Substance of the Action.** A brief description of the substance of claims and defenses that remain to be decided.

        **(B) Relief Prayed.** A detailed statement of the relief claimed, including an itemization of all claimed damages, along with a list of witnesses, documents, or other evidentiary material to be presented on the amount of damages.

    **(2) The Factual Basis of the Action.**

        **(A) Undisputed Facts.** A plain and concise statement of all relevant facts not reasonably disputable. This should include a statement of facts which the parties stipulate may be incorporated into the trial record without supporting testimony or exhibits.

        **(B) Disputed Factual Issues.** A plain and concise statement of all disputed factual issues that remain to be decided.

        **(C) Agreed Statement.** A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

        **(D) Stipulations.** A statement of stipulations requested or proposed for pretrial or trial purposes.

    **(3) Trial Preparation.**

        **(A) Estimate of Trial Time.** An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

**(B) Witnesses to be Called.** A list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. This witness list shall satisfy the requirements of Federal Rule of Civil Procedure 26(a)(3)(A). Parties must indicate any objections to the use of the listed witnesses and shall certify that counsel have met and conferred regarding such objections.

**(C) Use of Discovery Responses.** A list of evidence that may be presented at trial, other than solely for impeachment or rebuttal, through use of excerpts from depositions, interrogatory answers, or responses to requests for admission. This list shall satisfy the requirements of Federal Rule of Civil Procedure 26(a)(3)(B). Parties must indicate any objections to use of these materials and shall certify that counsel have met and conferred regarding such objections.

**(D) Exhibits, Schedules, and Summaries.** A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each item describing its substance or purpose and the identity of its sponsoring witness. This exhibit list shall satisfy the requirements of Federal Rule of Civil Procedure 26(a)(3)(C). Parties must indicate any objections to the receipt in evidence of the listed exhibits and shall certify that counsel have met and conferred regarding such objections.

**(E) Further Discovery or Motions.** A statement of all outstanding discovery or motions, including motions in limine.

(4) <u>**Trial Alternatives and Options.**</u>

**(A) Settlement Discussion.** A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

**(B) Consent to Trial Before a Magistrate Judge.** A statement explaining whether reference of all or part of the action to a special master or magistrate

5

judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge with appeal directly to the Ninth Circuit.

**(C) Amendments or Dismissals.** A statement of requested or proposed amendments to pleadings or dismissals of parties, claims, or defenses.

**(D) Bifurcation of Issues.** A statement of whether bifurcation (i.e., separate trials) of specific issues is feasible and desired.

**(5) Miscellaneous.** Any other subjects relevant to the just, speedy, and inexpensive resolution of this action.

**(c) Pretrial Order.** The Court may, as appropriate, make pretrial orders at or following the pretrial conference. Such orders shall control the subsequent course of the action as provided in Federal Rule of Civil Procedure 16.

## 5. TRIAL PREPARATION DEADLINES.

**(a) Motions in Limine.** The only appropriate purpose for a motion in limine is to obtain, in advance of trial, an evidentiary ruling on the admissibility of a specific piece of evidence. Unless otherwise allowed by the Court, all motions in limine shall be filed no later than 21 calendar days before the scheduled trial date, and written opposition to such motions shall be filed no later than 14 calendar days before the trial date. **All motions in limine must be accompanied by a declaration stating that counsel have met and conferred in good faith regarding the motions prior to their filing, and that the parties are unable to resolve informally any remaining disputes.**

**(b) Exhibits.** Two sets of all exhibits to be offered at trial, together with a list of exhibits, shall be lodged with the Court no later than 7 calendar days before the scheduled trial date. Exhibits shall be pre-marked in accordance with the attached forms.

**(c) Objections to Evidence.** Counsel shall meet and confer with respect to any evidentiary objections in advance of the pretrial conference. They shall advise the Court at the pretrial conference if any objections contained in their joint pretrial conference statement have been subsequently resolved.

**(d) Jury Instructions.** If a jury trial has been demanded, the parties shall meet and confer to discuss proposed jury instructions. No later than 10 calendar days before the pretrial conference, the parties shall lodge with the Court two complete sets of proposed jury instructions upon which they have agreed, excluding all standard instructions regarding the role of jurors, organization of the jury, communication with the Court, etc. (The Court utilizes its own set of "standard instructions.") The proposed jury instructions must be accompanied by a declaration stating that the parties have met and conferred in good faith in an attempt to agree upon as many jury instructions as possible.

If the parties cannot agree on all proposed jury instructions, each party shall also lodge with the Court, no later than 10 days before the pretrial conference, two complete sets of proposed jury instructions upon which any other party does not agree, along with a copy of such instructions on disk in WordPerfect or WordPerfect-compatible format. For each disputed instruction, the party shall indicate the corresponding instruction(s), if any, being lodged by other parties. The parties shall file written objections to each disputed instruction no later than 7 calendar days before the scheduled trial date.

All proposed jury instructions shall be concise and free from argument; cover only one subject to be indicated in the caption; show the identity of the offering party; be typewritten out in full on a separate page or pages; be consecutively numbered; and set forth specific citations to supporting authority. Case citations must include pinpoint citations to the exact page or pages that support the proposed instruction.

(e) **Voir Dire.** If a jury trial has been demanded, the parties may, at their option, submit proposed questions for voir dire. Any such questions must be submitted to the Court no later than 10 calendar days before the pretrial conference.

(f) **Special Verdict Forms.** If a jury trial has been demanded, the parties shall meet and confer to discuss any desired special verdict forms. The parties shall follow the procedure outlined in paragraph 6(d) in submitting their proposed verdict forms.

6. **CITATIONS.** In all motion papers and jury instructions, all United States Supreme Court citations shall be to both the official reporter and the West Supreme Court Reporter, where such citations are available. Similarly, all California state court citations shall be to both the official reporter and the West California Reporter, where such citations are available. Finally, all citations to decisions of state courts outside of California shall be to both the official reporter of that state and to the West Regional Reporter, where such citations are available.

7. **TRANSCRIPTS.** If a daily transcript will be requested, arrangements must be made with the Courtroom Deputy at least one week before the scheduled trial date.

8. **SETTLEMENT CONFERENCE.** The parties SHALL/~~SHALL NOT~~ arrange for a mandatory settlement conference before Magistrate Judge _____ of this Court. This conference shall be scheduled to take place no later than 5 calendar days before the pretrial conference.

9. **FURTHER CASE MANAGEMENT CONFERENCE.** A further case management conference will be held on Monday, \_\_\_\_N/A\_\_\_\_, at 1:30 PM.

**10. PROCEDURE FOR AMENDING THIS ORDER.** No provision of this order may be changed except by written order of this Court. The Court may enter such an order upon its own motion or upon motion of one or more of the parties. The parties must make any such motion in accordance with the Civil Local Rules and with a demonstration of very good cause. The mere fact that the parties have stipulated to a change does not constitute good cause, nor does a conflict with a court date set after the date of this order.

**IT IS SO ORDERED.**

Dated: March 31, 2008

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE