IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAO-QI GONG,<br><br>    Plaintiff,<br><br>v.<br><br>RON JONES,<br><br>    Defendant.<br>_____/ | No. C 03-05495 TEH<br><br>**ORDER ON MOTIONS IN LIMINE** |

At the Pretrial Conference in this matter held on September 8, 2008, the Court GRANTED Defendant's Motions in Limine Nos. 1, 2, 4, and 5, GRANTED Plaintiff's Motions in Limine Nos. 1, 2, and 6, GRANTED Plaintiff's Motion in Limine No. 4 in part, DENIED Plaintiff's Motions in Limine Nos. 3 and 5, and submitted Defendant's Motion in Limine No. 3. This Order GRANTS Defendant's Motion in Limine No. 3 and elaborates on the Court's reasoning as to several of the other Motions, where the rationale for the Court's rulings may help guide the Parties in their preparation and presentation of evidence at trial.

**Defendant's Motion in Limine No. 3**

    **A.    Factual Background**

When Kyle was interviewed on the day of the arrest, he confirmed a report by his grandmother that Gong had digitally penetrated his anus, allegedly to help him with constipation. As a result, former defendant Jon Westmoreland, the supervisor of the Alameda Police Department's Youth Services section, submitted additional charges

1 against Gong for violation of California Penal Code §§ 288(a) and 289(d)(4), which
2 prohibit lewd acts with children and penetration by a foreign object (the "sex charges").
3 The sex charges were ultimately dismissed. The Court found on summary judgment that
4 Westmoreland was entitled to qualified immunity from Gong's claim that the sex
5 charges were filed without probable cause, and so dismissed that claim.

6 Although Mr. Peters was held on the Penal Code § 148 charge for only four
7 hours, Ms. Gong was held in jail for four days. Defendant contends Ms. Gong was held
8 longer solely because of the sex charges, and in fact would have been released even
9 earlier than Mr. Peters but for the sex charges. Plaintiff does not allege that Ms. Gong
10 would have been held longer than Mr. Peters even absent the sex charges, and instead
11 stated at oral argument that a factfinder can only speculate about how long she would
12 have been held on the § 148 charges alone.

13 Defendant moves to preclude any reference to or evidence of the fact that Sgt.
14 Westmoreland brought sex charges against Gong that were eventually dismissed.
15 Defendant also moves to preclude any reference to "the consequences of the felony
16 sexual misconduct charges" – including the fact that she was held in jail longer than Mr.
17 Peters, that she was required to post bail, and any facts relating to damages suffered as a
18 result of the charges.

19 **B.     Discussion**

20 Defendant argues that the sex charges are unrelated to the question of whether the
21 arrest for obstructing the child welfare check in violation of Penal Code § 148 was
22 lawful, and so are irrelevant. Moreover, because the sole claim is the § 148 false arrest
23 claim, Defendant contends Gong's damages should be limited to those stemming from
24 the § 148 charge, not from the additional charges, so the sex charges are irrelevant to
25 Gong's damages as well as liability.

26 In opposition, Plaintiff argues solely that given the nature of the allegations that
27 spurred the child welfare check in the first place (which included allegations of digital
28

2

1 penetration), it was "foreseeable" that a false arrest could lead to the sex charges, so
2 Jones should be liable for damages stemming from those charges as well.

3 It is patently clear that the sex charges are irrelevant to the question of whether
4 Jones had probable cause to arrest Ms. Gong for violation of Penal Code § 148.

5 It is also patently clear the sex charges added by Westmoreland were an
6 intervening cause of Ms. Gong's continued incarceration. Although proximate cause is
7 ordinarily a question for a jury, Plaintiff has not raised a triable issue of fact as to
8 whether Gong's incarceration beyond the time Mr. Peters was released (and any related
9 damages) were caused by the arrest for violation of Penal Code § 148.  This Court finds
10 as a matter of law[1] that Westmoreland's charges were an intervening cause of Gong's
11 continuing incarceration, just as a prosecutor's filing of a criminal complaint can break
12 the chain of causation between an arrest and prosecution, and immunizing investigating
13 officers from damages suffered after the complaint was filed. *See, e.g., Beck v. City of*
14 *Upland,* 527 F.3d 853, 862 (9th Cir. 2008); *Smiddy v. Varney*, 665 F.2d 261, 266-67
15 (9th Cir. 1981).

16 The Motion is accordingly GRANTED.

18 **Plaintiff's Motion in Limine No. 4**

19 Kyle's grandmother's complaints led to the child welfare check at issue in the
20 suit. She alleged that (1) Gong was involved in the sex escort business, (2) Kyle had told
21 her that Gong had put her finger up his anus at least twice, (3) Kyle had excessive
22 absences from school, (4) Kyle had previously been under investigation with the child
23 protection agency in Santa Clara, California when Kyle's four front teeth were knocked
24 out and he had been placed in a foster home for one month, (5) that Kyle's teeth had

---

[1] *See Leaf v. United States*, 588 F.2d 733, 736 (9th Cir. 1978)(proximate cause can be decided as a question of law if plaintiff's proof is "insufficient to raise an inference that the act complained of was the proximate cause of the injury"); *Bigbee v. Pacific Te. & Tel. Co.* , 34 Cal.3d 49, 56 (1983)(proximate cause may be decided as an issue of law if "under the undisputed facts there is no room for a reasonable difference of opinion").

3

1 been neglected and that after an emergency visit to the dentist to extract an abscessed
2 tooth, Kyle still required a root canal and six fillings, and (6) that Kyles' parents travel
3 overseas for up to three weeks at a time in connection with their sex escort service and
4 that they never call in to whomever is taking care of Kyle or provide any way to contact
5 them in case of emergency.

6 The Court granted Plaintiff's Motions in Limine Nos. 1 and 2 and excluded any
7 references to allegations of sexual abuse by Gong or Peters and to allegations that Gong
8 was engaged in the "sex trade." It granted in part and denied in part Plaintiff's motion to
9 exclude all references to the remaining allegations.

10 An officer has probable cause to arrest when "under the totality of circumstances
11 known to the arresting officers, a prudent person would have concluded that there was a
12 fair probability that [the defendant] had committed a crime." *United States v. Lopez*, 482
13 F.3d 1067, 1072 (9th Cir. 2007), *quoting United States v. Smith*, 790 F.2d 789, 792 (9th
14 Cir. 1986). While the additional allegations might be relevant to whether Plaintiff had
15 probable cause to believe Gong was engaged in child abuse *per se,* the only information
16 relevant to the false arrest claim is information Jones had that could make it more or less
17 likely Gong was obstructing the child welfare check. The Defendant's own discussion
18 of the elements of violation of Cal. Penal Code § 148 in his motion for summary
19 judgment is telling. There, Defendant listed those facts which showed Jones had
20 probable cause to arrest;  there was no mention of the sexual abuse charges except in the
21 most oblique manner:

> In the instant case, Peters admits he told police that Kyle was not in the apartment, that Kyle was with Gong, and that Gong and Kyle would meet them at the police station. Peters also admits that at the time of making these statements to police, he knew Kyle was in the apartment and not with Gong. Sgt. Jones witnessed Peters speaking with Gong on his cell phone, and heard Peters tell Gong that police were at their apartment asking to see Kyle, and heard Peters direct Gong to take Kyle and meet at the Alameda police station. Sgt. Jones also overheard Peters speaking on his phone with Gong in a foreign language. Peters admits that he was trying to appear as if he was slowly getting ready to leave with Sgt. Jones while actually debating what other options he might have, (he was hoping the police would leave without him), and that he was with police for approximately one half hour before Gong arrived at the apartment. Sgt. Jones recognized that Peters was 'stalling'. Gong unexpectedly appeared at the apartment without Kyle. Neither Gong nor Peters initially responded to Sgt.

4

> Jones' question about Kyle's whereabouts. Gong finally stated that Kyle was in the apartment.  By any analysis, plaintiffs' behavior was odd and suspicious. Why were both parents refusing to say where Kyle was? Why had they misrepresented that Kyle was with his mother? Why had they misrepresented their intentions about meeting at the police station? If all was well, why not just call Kyle to the door so that his well being could be demonstrated?
>
> ... Plaintiffs' course of lying about Kyle's whereabouts, lying about their intent to meet police at the station, possibly conspiring in a foreign language, acting in a suspicious manner and refusing to say where Kyle was, as effectively delayed and interfered with Sgt. Jones' attempt to confirm Kyle's well being as if they had run from the scene or struggled with the officer. Plaintiffs' admitted behavior supports Sgt. Jones' conclusion that plaintiffs affirmatively and intentionally sought to mislead him in the discharge of his public duty to confirm Kyle's welfare, thus violating §148(a).

Defendants' Motion for Summary Judgment, filed November 17, 2006, at 13:19-16:3 (footnotes omitted).  Although Defendants' Reply brief does include "the allegations of Kyle's grandmother" as part of the "totality of the circumstances" of which Jones was aware, Reply In Support of Defendants' Motion for Summary Judgment ("MSJ Reply"), filed December 11, 2006, at 8, the Court finds that the passage quoted above appropriately outlines what facts are relevant to whether there was probable cause to arrest.  Moreover, Defendant has not argued that there is anything about the nature of the allegations (for example, that Gong and Peters were accused of neglecting Kyle's teeth rather than failing to feed him) that makes it more or less likely that Gong was obstructing the officers.   The allegations of abuse are therefore only marginally relevant, if at all.

However, as Defendant argues, "[t]he jury cannot properly consider JONES' actions in a vacuum" and the jury must be provided some context.   Accordingly, the Court will allow limited testimony which relates to *what defendant Jones knew or believed* about the reasons for the child welfare check – in other words, about "the totality of circumstances *known to the arresting officer*[]." *United States v. Lopez*, 482 F.3d at 1072 (emphasis added).   The experience or opinions of other witnesses (such as Kyle's grandmother or school principal) not communicated to Jones are not relevant.

5

**Plaintiff's Motion in Limine Nos. 3 and 5**

The Court denied Plaintiff's Motion in Limine Nos. 3 and 5, to exclude references to other civil actions involving Gong or Peters or other allegedly fraudulent or criminal activity, because Fed. R. Evid. 608(b) provides that "[s]pecific instances of the conduct of a witness... may ... in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified." *See also United States. v. Jackson*, 882 F.2d 1444, 1446 (9th Cir. 1989)("evidence of a witness' participation in fraudulent transactions is probative of truthfulness"). *See also United States. v. Jackson*, 882 F.2d 1444, 1446 (9th Cir. 1989)("evidence of a witness' participation in fraudulent transactions is probative of truthfulness").

The parties are reminded that such specific incidents "may not be proved by extrinsic evidence." Fed. R. Evid. 608(b).   Moreover, even cross-examination on such incidents is subject to the overriding provisions of Rule 403, and the Court may yet limit such cross-examination if its probative value is substantially outweighed by danger of unfair prejudice or waste of time.  Weinstein's Evidence Manual § 12.03[1] at 12-29 (2008); *see also Luce v. United States*, 469 U.S. 38, 41-42 (1984)(a ruling made in response to a motion in limine to permit or prohibit impeachment under Rule 608(b) is advisory only, and the court may alter its previous ruling at any time in the exercise of its sound discretion if the evidence becomes too remote, lengthy, or prejudicial).

**Plaintiff's Motion in Limine 6**

The Court granted Plaintiff's Motion in Limine to exclude opinion testimony by Defendant's police practices expert Don Cameron on the ultimate issue in the case. *See*

6

*Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004)("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"). Courts regularly prohibit experts from testifying on the ultimate issue of whether there was "probable cause" for an arrest. *See, e.g., Gonzalez v. City of Garden Grove* 2006 WL 5112757, 2 (C.D.Cal.December 4, 2006)("plaintiffs' expert may not testify as to whether the officers had 'probable cause' or 'reasonable suspicion' because such legal conclusions are the province of the jury or trier of fact); *Burdett v. Reynoso,* 2007 WL 4554034, 1 (N.D.Cal. November 20, 2007)(holding police practices expert (Cameron) may not testify on "(1) the law; (2) probable cause or reasonable suspicion to arrest or to detain; ...or (4) whether any particular conduct violated any particular law or right. There will be no opinions on whether there was a false arrest in this case.").

As the Court noted at the hearing, Cameron will be permitted to testify about what police officers are trained to do. However, Cameron may *not* testify about whether Jones' behavior was "reasonable." Such testimony would be indistinguishable from opinion testimony about the ultimate issues in the case on probable cause and qualified immunity.

**IT IS SO ORDERED.**

Dated: September 9, 2008

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

7